UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MARLOW INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 17-056-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| SEALY, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

*** *** *** ***

Plaintiff Marlow Industries, Inc. ("Marlow") filed a Complaint on February 6, 2017, in which it raises claims against Sealy, Inc. ("Sealy") based on Sealy's alleged wrongful termination of the parties' contract. [Record No. 1] Sealy filed an Answer to the Complaint with accompanying counterclaims, alleging that Marlow provided nonconforming goods in breach of the parties' agreement. [Record No. 24] One of Sealy's counterclaims seeks a declaratory judgment regarding a provision of the parties' contract. [*Id*.] Marlow then moved to dismiss this claim because it is redundant of issues raised in Marlow's Complaint. [Record No. 27] Marlow is correct regarding this assertion. As a result, its motion will be granted.

**I.**

Sealy contracted with Marlow to supply engines for Sealy's IdealTemp mattress. [Record No. 24, ¶ 8] The parties' agreement obligated Marlow to supply products that conformed to the product specifications outlined in Section 3.2 and were free from defects. [*Id*. at ¶ 9; Record No. 31, Ex. 1, p. 7]

The agreement provided Sealy with the right to cancel a purchase order for default or for convenience. [Record No. 31, Ex. 1, p. 8][1] Under Section 4.5.a of the agreement, Sealy was authorized to cancel a purchase order for cause "immediately upon written notice should an Event of Default occur and be occurring . . . ." [*Id*.] The agreement defines an event of default to include any breach of the contract. [*Id*. at 19] Marlow would be financially responsible for any costs incurred in connection with a cancellation for cause. [*Id*. at 8] Section 4.5.b provided Sealy with the right to cancel a purchase order, or any portion thereof, for convenience. [*Id*.] However, Sealy would be required to pay Marlow the costs of any products that had been completed, or were in the process of being completed, in response to the purchase order. [*Id*. at 8-9]

The agreement also defined the circumstances under which Sealy was authorized to cancel the entire agreement for cause or for convenience. Sections 15.1 and 15.2 gave Sealy the right to terminate the agreement for cause if Marlow either allowed an event of default and failed to cure or allowed three or more events of default within any 12-month period, regardless of whether it subsequently cured the default. [*Id*. at 18-19] Under section 15.3, Sealy could terminate the agreement for convenience, without cause. [*Id*.] In the event that Sealy terminated for convenience, Marlow would be entitled to full payment for all completed products and any products in the process of being completed to fill a purchase order. [*Id*.]

---

[1] Sealy attached the parties' agreement to its response to Marlow's motion to dismiss. [Record No. 31, Ex. 1] A court deciding a motion to dismiss is permitted to consider exhibits without converting the motion into one for summary judgment "so long as they are referred to in the complaint and are central to the claims therein . . . ." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (internal quotation marks and citation omitted). Because the parties' contractual agreement is discussed at length in the Complaint and is central to the parties' claims, the Court will consider it in addressing the motion to dismiss.

In late 2015, Sealy placed 11 orders for 12,110 products. [Record No. 24, ¶ 18] Marlow delivered 6,720 products to Sealy between September 2015 and June 2016, for which Sealy paid Marlow $2,654,400.00. [*Id*. at ¶¶ 18, 19] Between January and September of 2016, Sealy conducted a market test of the IdealTemp mattress containing Marlow's products. [*Id*. at ¶ 20] Sealy received multiple retailer and customer complaints regarding the products, which led it to conclude that the products were defective and failed to comply with the parties' agreed product specifications. [*Id*. at ¶ 21] On November 4, 2016, Sealy notified Marlow that it was terminating the agreement for cause based on Marlow's events of default. [*Id*. at ¶ 28]

Marlow's Complaint includes three claims for relief. Marlow's first claim asserts that Sealy breached the parties' agreement. [Record No. 1, ¶ 51] This claim is partially based on Marlow's allegation that Sealy cancelled the purchase orders for convenience rather than for cause under Sections 4.5.a and 4.5.b of the agreement. [*Id*. at ¶¶ 68-70] The second claim is that Sealy breached its duty of good faith and fair dealing, in part, by fabricating continuing defaults to cancel the agreement for cause rather than for convenience. [*Id*. at ¶¶ 84-85] Marlow's third claim requests a declaratory judgment. [*Id*. at ¶ 95]

Sealy asserts three counterclaims against Marlow. [Record No. 24] Sealy's first two claims seeks remedies for Marlow's provision of nonconforming goods. [*Id*. at ¶¶ 33-50] Sealy seeks a declaratory judgment through its third claim, contending that it canceled the purchase orders for cause within the meaning of Section 4.5.a rather than for convenience under Section 4.5.b. [*Id*. at ¶¶ 51-55]

## II.

Marlow moves to dismiss Sealy's third counterclaim seeking a declaratory judgment. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) must be construed in the

light most favorable to the counter-plaintiff and all allegations must be accepted as true. *See Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The counter-complaint must allege "enough facts to state a claim for relief that is plausible on its face" to survive a motion to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Marlow contends that Sealy's counterclaim for declaratory relief is subject to dismissal. According to Marlow, Sealy's counterclaim does no more than raise an issue of contractual interpretation that is addressed in Marlow's Complaint. In other words, it argues that, because resolving Marlow's claims will conclusively resolve the issue raised in Sealy's counterclaim, the counterclaim is duplicative and should be dismissed. Sealy responds that its counterclaim deals with a specific contractual issue that will not be resolved by deciding Marlow's claims. Moreover, Sealy claim that it would be premature to dismiss Sealy's counterclaim at this stage of the litigation because it is too early to ascertain whether the parties' claims are identical.

Courts have discretion to grant or deny a request for declaratory judgment. *Grand Trunk Western R. Co. v. Consolidated Rail Corp.*, 746 F.2d 323, 325 (6th Cir. 1984) (citation omitted). Generally, a declaratory judgment is only appropriate when it would either "serve a useful purpose in clarifying and settling the legal relations in issue" or "terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id*. (citation omitted). The court should decline to grant declaratory judgment when neither of these results would be accomplished. *Id*.

Under the mirror image rule, a counterclaim that does no more than restate issues raised in a complaint may be dismissed as redundant. The basis of the rule is that, "when a counterclaim merely restates the issues as a 'mirror image' of the complaint, the counterclaim serves no purpose." *Federal Deposit Ins. Corp. v. Project Development Corp.*, 819 F.2d 289

(6th Cir. 1987) (citation omitted). And a counterclaim serves no purpose when the claim "exactly corresponds" to the plaintiff's claim "such that resolution of one claim would entirely dispose of the other claim." *Stryker Corp. v. Ridgeway*, No. 1: 13-CV-1066, 2014 WL 3704284 (W.D. Mich. July 24, 2014). Accordingly, a counterclaim will be dismissed under the mirror image rule "where it is clear that there is a complete identity of factual and legal issues between the complaint and the counterclaim." *Aldens, Inc. v. Packel*, 524 F.2d 38, 51-52 (3rd Cir. 1975). However, the counterclaim should only be dismissed if "there is no doubt that it will be rendered moot by adjudication of the main action." *Pettrey v. Enterprise Title Agency, Inc.*, No. 1: 05-cv-1504, 2006 WL 3342633, at *3 (N.D. Ohio November 17, 2006). If there is any doubt whether the claims are identical, the "safer course" is to deny the motion to dismiss and resolve the claim at a later stage of the litigation. *Id*.

Here, Sealy's counterclaim is redundant because it does no more than restate an issue raised in Marlow's Complaint. Marlow's first claim is for breach of contract. [Record No. 1, ¶ 54] Marlow claims that Sealy "concocted" events of default to allow Sealy to cancel the purchase orders for cause under Section 4.5.a of the parties' agreement and avoid any financial obligations to Marlow. [*Id*. at ¶ 70] However, Marlow argues that it had not defaulted under the parties' agreement and that Sealy's cancellation of the purchase orders was actually for convenience under Section 4.5.b. [*Id*.] Marlow thus alleges that Sealy breached the agreement by cancelling purchase orders without cause and is now liable for damages. Deciding Marlow's breach of contract claim will require the Court to determine whether Sealy canceled pending purchase orders for cause under 4.5.a or for convenience under 4.5.b.

Likewise, Sealy's counterclaim discusses Sections 4.5.a and 4.5.b and "requests a declaration that its cancellation of the pending purchase orders was for cause under Section

4.5.a. of the Agreement." [Record No. 24, ¶¶ 51-55]  This counterclaim merely restates factual and legal issues that are addressed by Marlow's Complaint: that is, whether Sealy canceled the pending purchase orders for cause or for convenience.  As a result, resolving Marlow's breach of contract claim will dispose of Sealy's counterclaim.

Sealy relies on a patent infringement case, *Dominion Electrical Mfg. Co. v. Edwin L. Wiegand Co.*, 126 F.2d 172 (6th Cir. 1942), in support of its position.  There, the court concluded that it was not appropriate to dismiss a counterclaim for a declaratory judgment under the mirror image rule because "a counter-claim for a declaratory judgment in a suit for infringement of a patent, serves a useful purpose." *Id*. at 174.  This is because, in a patent infringement case, "mere dismissal of a plaintiff's bill does not always adjudicate every aspect of the controversy or give the defendant all the relief to which he may be entitled." *Id*.  In this way, the counterclaim served a useful purpose and was not subject to dismissal under the mirror image rule.

The court's holding in *Dominion* does not compel a different result in this case.  In *Dominion Electrical*, the mirror image rule did not apply to the counterclaim addressing the parties' rights under the patent because it served a useful purpose—it raised legal issues between the parties beyond the scope of those addressed by the plaintiff's complaint.  In contrast, Sealy has not demonstrated that its counterclaim concerns any issues beyond those addressed by Marlow's Complaint.  Instead, Sealy's counterclaim deals only with the factual issue of its cancellation of particular pending purchase orders and the legal issue of whether cancellation was for cause or for convenience under the contract.  This issue is squarely addressed by Marlow's Complaint and Sealy's counterclaim reiterating those questions does not serve a useful purpose.

**III.**

For the reasons outlined above, it is hereby

**ORDERED** that Marlow Industries, Inc.'s motion to dismiss [Record No. 27] is **GRANTED**. Count 3 of Defendant Sealy, Inc.'s Counterclaim [Record No. 24] is **DISMISSED**.

This 3rd day of August, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge